454 P.2d 292

STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Respondent,

v.

UTAH SAND & GRAVEL PRODUCTS CORPORATION, Defendant and Appellant.

No. 11341.

Supreme Court of Utah.

May 1, 1969.

R. M. Child, of Ray, Quinney & Nebeker, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Dean R. Mitchell, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from judgment on a verdict in a condemnation proceeding, for damages to land taken but none for denying access to defendant's property abutting U. S. Highway 89, along a 921-foot frontage. Affirmed. No costs awarded.

In 1959, the public was advised of an interchange highway project connecting U. S. Highway 80 (east-west) with U. S. Highway 89 (north-south). At that time the plans and specifications called for taking a 921-foot strip of defendant's land abutting the defendant's property on the west of the existing Highway 89, including the closing of access to defendant's land. At that time it also was known by everyone that the property was zoned "Gravel." Defendant had bought the property some 30 years before for material reserves for its sand and gravel business.

Since 1959, the defendant nor anyone else had petitioned for a change in the zoning to commercial or otherwise, nor did it so petition before, at or after the taking on March 1, 1965.

The defendant's property and frontage on the highway represented the first property south of the interchange intersection and was 921 feet in length, where it met a county road which not only also abutted defendant's property (on the south), but crossed Highway 89 almost at right angles, providing access to defendant's property at that juncture. In other words, the defendant was inconvenienced by having to travel 921 feet at most, or about ⅙ of a mile to get on or off Highway 89.

Defendant urges that the court erred 1) in holding that the State could not close

the access without determining necessity therefor; 2) in refusing to admit evidence of the effect (enhancement in value) on defendant's property as a result of the interchange; 3) in giving Instruction No 5;[1] 4) in not granting a mistrial; and 5) in refusing to give defendant's requested instructions.

Under the facts of this case and the observations hereinafter noted, we deem Nos. 4) and 5) to be moot requiring no discussion.

■ As to 1) above (closing the access): There was no showing that safety-wise or otherwise, the loss of the access was not necessary. There was testimony to the effect that elimination of access to property next to the interchange facilities was necessary for reasons of safety. It is only reasonable to conclude that in these times of increasing speed, traffic congestion and danger, safety features required by those charged with the construction and maintenance of the highways, short of some obvious and proven caprice, inefficiency or mal-

feasance, should be respected and endorsed by the judiciary. Such a thought has been codified.[2] We believe and hold that to be the case here.

■ The real thrust of this appeal has to do with 2) and 3) above: excluding evidence as to the value effect on defendant's property resulting from the interchange project.

Appellant claims error in exclusion of evidence as to the highest and best use of the property after the project was announced in 1959. The fallacy of such contention is that since 1959, and at the time of the taking, during the waiting period of over three years before the trial, and for aught we know to date the property has been zoned for "gravel"—nothing else. The only adversion to commercial zoning came from the weak testimony of a zoning-board member to the effect that if the area in which the property was situate, were the subject of commercial zoning, he thought the zoning board may look at it favorably,—which, of course, is conjecture

---

1. "You are instructed that you may not consider, in determining market value, the effect of the 'project' on U.S. 89 or its 'on or off' ramp to U.S. I. 80, or vice versa, or the effect the construction of I 80 has had on the values in the area. This is because the law fixes value as of the date of taking; without considering either event, an increased effect or decreased effect, the announcement of construction of the project may have. The court has ruled that the 'project' in this case included the work on U.S. 89, its 'on and off ramps' to U.S. I 80 and vice versa; and the construction of U.S. I 80 in the immediate place of its location (now in construction or projected) and traffic regulation and control device effecting the interchange of traffic."

2. Title 27–12–112, U.C.A.1953 (Laws of Utah 1963, Ch. 39, Sec. 112), and 27–12–113, U.C.A.1953 (Laws of Utah 1963, Ch. 39, Sec. 113), Replacement Vol. 3, 1967, p. 573.

at its best, and unworthy of evidentiary weight.

The picture in this case was pretty neatly wrapped up by Mr. Francis Solomon, one of appellant's appraisers. First, he was asked his opinion as to the highest and best use of the property were it zoned commercial and with access, and he set a figure. He then was asked the same question with the land being without access, and he gave a figure. On being asked his opinion as to the highest and best use of the property were it zoned "gravel," apparently the hereditas of his namesake provoked the sagacious answer that the highest and best use of the property would be to develop and use the gravel. That is this case.

The fallacy of appellant's argument under point 2) above possibly is reflected sophisticatedly in the recent case of Chevron Oil Co. v. Beaver County,[3] where the court approved the status of the ordinance with respect to grazing use and its application to property values. This in the face of an attack and argument by the plaintiff that it was unreasonable and unsympathetic to the contention that the ordinance zoned for grazing should be held unconstitutional and should yield to a *claimed* higher and better use of the land,—to-wit, commercial.

■ The trial court excluded the evidence sought under point 3) on the grounds it was inimical to principles of justice to

have him, who is the creator of the project, pay for the increased value of landowners whose land is condemned. This reason for exclusion may be a subject for some sort of disagreement, but had the trial court admitted such evidence he would have invited error, since the property was unavailable for development commercially, such as for service stations, motels, restaurants and the like.

■ Appellant urges that it was deprived of its frontage access. True, but it was not deprived of access to its remaining property since adequate access was available at a county road immediately south and adjacent to its property. Its own witness, Mr. Solomon, testified that there was no damage to the remainder on account of the nonaccess frontage, save for a possible service station site.

We think that the instant case is similar to State Road Commission v. Utah-Idaho Sugar Co.,[4] also a recent case, with respect to the matter of access, to which we refer the reader.

We are constrained to and do affirm the trial court 1) because evidence of a higher and better use is inadmissible if such use is impossible in a given case because of existing, enforceable legislation and 2) that severance damage also is not forthcoming where access denied at one place, nonethe-

3. 22 Utah 2d 143, 449 P.2d 989 (1969).

4. 22 Utah 2d 77, 448 P.2d 901 (1968).

less reasonably is available at another, although it may involve some degree of inconvenience.[5]

CALLISTER and TUCKETT, JJ., concur.

CROCKETT, C. J., and ELLETT, J., concur in the result.